# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| NICOLE WILKINS, | ) | |
| Debtor | ) | CASE NO. 16-15547-MDC |
| EXETER FINANCE, LLC, | ) | |
| | ) | **HEARING DATE**: |
| Movant | ) | Tuesday, June 30, 2020 |
| | ) | 10:30 a.m. |
| vs. | ) | |
| | ) | **LOCATION**: |
| NICOLE WILKINS, | ) | U.S. Bankruptcy Court |
| | ) | Eastern District of Pennsylvania |
| Respondent | ) | Courtroom # 2 |
| and | ) | 900 Market Street |
| WILLIAM C. MILLER | ) | Philadelphia, PA 19107 |
| Trustee | ) | |

## STIPULATION

COME NOW, this 23rd day of June, 2020, *Nicole Wilkns*, through Debtor's attorney, **Brad J. Sadek, Esquire**, and Exeter Finance, LLC ("Exeter") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay:

WHEREAS the Debtor owns a 2018 NISSAN Altima Sedan 4DS I4, V.I.N. 1N4AL3AP9JC172140 ("vehicle"); and

WHEREAS Exeter files a Motion for Relief from the Automatic Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor has filed a Response to the Motion; and

WHEREAS the Debtor and Exeter seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The post-petition delinquency is $1,078.08 in post-petition arrears, plus $306.00 in attorney's fees and costs as of June 8, 2020.

2. The Debtor shall file an amended Chapter 13 plan providing payment of the post-petition arrears, totaling $1,384.08 within 10 days of the entry of this Stipulation.

3. Thereafter, the Debtor shall remain current with regular monthly payments paid directly to the Movant starting with the regular monthly payment of $359.36 due on June 30, 2020, and all such future payments due on the 31st of each month thereafter.

4. If Debtor shall fail to have a plan conforming to this Stipulation or the Debtor fails make to ongoing regular monthly payments and Debtor fails to cure said default within fifteen (15) days after notice by Exeter (or its counsel) of said default, counsel for Exeter may file a Certification of Default with the Court setting forth Debtor's default and Exeter shall be granted relief from the automatic stay provisions of Sections 362 of the Bankruptcy Code (11 U.S.C. § 362), and Exeter is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and Exeter may file a Certification of Default.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then Exeter, through counsel, may file a Certification of Default setting forth said failure and Exeter shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and Exeter is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by Exeter, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Exeter's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

BY THE COURT:

*Magdeline D. Coleman*

Magdeline D. Coleman
CHIEF U.S. BANKRUPTCY JUDGE

| | |
|---|---|
| Post-Petition Arrears: | $ 1,078.08 |
| Counsel Fees: | $   306.00 |
| ***Total:*** | ***$1,384.08*** |

**Exeter Finance, LLC**
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 6/10/20

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Nicole Wilkins**
By Counsel for Debtor: Brad J. Sadek, Esquire

By: _____
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED:

**Chapter 13 Trustee**

By: __/s/ LeeAne O Huggins__

William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105
(215) 627-1377

**No Objection
Without Prejudice to Any Trustee
Rights or Remedies**

**6/20/2020**

Please send copies to:

Nicole Wilkins
2008 Kent Road
Folcroft, PA 19032

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105

Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130